**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00364-CV**

_____

**IN RE TEXAS ALLIANCE OF ENERGY PRODUCERS – WORKERS'
COMPENSATION SELF-INSURED GROUP TRUST**

**Original Proceeding
253rd District Court of Liberty County, Texas
Trial Cause No. CV1611519**

**MEMORANDUM OPINION**

Texas Alliance of Energy Producers – Workers' Compensation Self-Insured

Group Trust (Texas Alliance) seeks mandamus relief from the denial of a plea to the

jurisdiction. Texas Alliance contends the trial court clearly abused its discretion

because the claims of the real party in interest, John Bennett, are within the exclusive

jurisdiction of the Division of Workers' Compensation. Bennett did not respond to

this Court's request for a response to the petition.

1

Bennett sustained a work-related injury in 2006 and in 2011 filed suit for judicial review in trial court cause number CV1104807. Final judgment in that case was signed in October 2016, and Texas Alliance has appealed that order.[1] In December 2016, Bennett filed a new suit against Texas Alliance and the law firm that represented Texas Alliance in trial court case number CV1104807. The claims against Texas Alliance in Bennett's new suit consisted of: (1) negligence in processing Bennett's workers' compensation claim; (2) intentional infliction of emotional distress in misrepresenting Bennett's impairment rating and refusing to accept liability and pay benefits; and (3) fraud in misrepresenting or omitting facts about Bennett's condition to avoid liability for benefits, and in withholding benefits.[2]

The Workers' Compensation Act provides the exclusive process and remedies for claims arising out of a carrier's investigation, handling, or settling of a claim for workers' compensation benefits. *In re Crawford & Co.*, 458 S.W.3d 920, 925–26 (Tex. 2015) (orig. proceeding) (per curiam). The Act gives the Division of Workers' Compensation exclusive jurisdiction over claims arising out of the claims-

___

[1] As of the date of this opinion, we have not issued an opinion in Texas Alliance's appeal of the trial court's judgment on judicial review of the Division's decision. We express herein no opinion on the issues raised in that appeal.

[2] Additional claims alleged against the law firm included fraud and legal malpractice in the course of representing Texas Alliance on the workers' compensation claim.

handling process. *Id.* at 927. "[C]laimants may not recast claims to avoid statutory requirements or to qualify for statutory protections." *Id.* at 926. If the plaintiff failed to exhaust his administrative remedies before filing suit, the trial court lacks jurisdiction and must dismiss the case. *Id.* at 929.

After examining Bennett's pleadings in the underlying case, we conclude that all of his claims against Texas Alliance arise out of the claims-handling process of a workers' compensation claim. Bennett's pleading in this case does not allege that the Division of Workers' Compensation determined any of the claims asserted in Bennett's suit. Because Bennett's exclusive remedy is before the Division, the trial court clearly abused its discretion by denying Texas Alliance's plea to the jurisdiction. We have determined that the Division has exclusive jurisdiction over Bennett's claims; therefore, mandamus is the appropriate remedy to prevent the disruption of the orderly processes of government. *See id.* at 928.

We conditionally grant mandamus relief, and we direct the trial court to dismiss Bennett's lawsuit against Texas Alliance of Energy Producers – Workers' Compensation Self-Insured Group Trust for lack of subject matter jurisdiction.

3

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 10, 2017
Opinion Delivered November 16, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.